UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PRAVEEN K. KHURANA,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF IDAHO; ROBERT RINARD;<br>and DAPHNE HUANG,<br><br>        Defendants. | Case No. 3:24-cv-00458-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 11). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing and the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

## INTRODUCTION

Praveen Khurana filed this action, proceeding pro se, in the United States District Court for the Eastern District of Washington against Defendants, which include the State of Idaho; the Idaho Department of Health and Welfare ("IDHW"); Robert Rinard, IDHW's Director of the Child Support program; and Daphne Huang, a former Idaho Deputy Attorney General (Dkt. 1). The Eastern District of Washington transferred the case to this Court (Dkts. 3, 4). Thereafter, Defendants moved to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Dkt. 11).

At this stage, the Court liberally construes Khurana's pleadings because he is proceeding pro se. *See, e.g.*, *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020). Although a pro se complaint does not need to be as specific as a complaint filed by counsel, liberal construction has it limits. *See id.* at 993. A court's liberal construction only applies to factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Further, a court does not need to accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

## BACKGROUND

This case arises from IDHW's efforts to enforce a Canadian child support judgment against Khurana. In about 2016, IDHW began enforcing the judgment against Khurana while he resided in Idaho (Dkt. 11-1 at 2). Khurana contends the judgment was invalidly obtained and is currently "incorrect" because the children have reached the age of majority and live outside of the home (Dkt. 1 at ¶ 7.3). As a result, he alleges Defendants' enforcement of the judgment violates his rights.

This case is not the first time that Khurana has pursued his legal remedies pro se to avoid the child support judgment's enforcement. Khurana has previously sought relief from its enforcement in multiple forums. In 2018, he petitioned IDHW to stay the judgment's enforcement, and the Director denied that request (Dkt. 1-1 at 34). He sought judicial review of the decision in Idaho state court, which dismissed his petition (*id.* at 14-31; Dkt. 11-1 at 2).

Based on Khurana's efforts to avoid the child support judgment and numerous other unrelated legal actions in state court, the IDHW filed a motion requesting the district court declare Khurana a vexatious litigant under Rule 59 of the Idaho Court Administrative Rules. *Khurana v. Idaho Dep't of Health & Welfare*, 492 P.3d 1079, 1080 (Idaho 2021). In support, IDHW submitted

an order from a Canadian court declaring Khurana to be a vexatious litigant and restricting his access to Alberta's courts. *Id.* In December 2018, the district court declared Khurana a vexatious litigant in the state of Idaho and prohibited him from filing any new pro se litigation without leave of the court. The Idaho Supreme Court later affirmed that order. *Id.* at 1084.

Then, in 2019, Khurana sought relief in the United States Bankruptcy Court for the District of Idaho asserting, as part of the bankruptcy proceedings, that enforcement of the child support judgment violated his rights. The Bankruptcy Court dismissed the adversary proceeding, and this Court affirmed that dismissal. *In re Khurana*, Case No. 3:19-CV-00117-RHW, 2020 WL 254531, at *6 (D. Idaho Jan. 16, 2020).

In this action, Khurana filed a "Petition to Uphold Contitutional [sic] Rights of Petitioner Against Continued Violations by Respondents" in which he renews his challenge to IDHW's enforcement of the child support judgment (Dkt. 1). In his Petition, Khurana purports to allege federal claims under 42 U.S.C. § 1983, the Due Process Clause, the Fourth Amendment, and the Fourteenth Amendment. Further, Khurana alleges a state law claim for intentional infliction of emotional distress. Khurana does not indicate which claims he asserts against which Defendants.[1] In support, Khurana attaches over sixty pages to his complaint. These attachments include, for example, many of his prior state court filings, orders, and tax records (Dkt. 1-1 at 1-66).

In response, Defendants move to dismiss Khurana's Petition under Rule 12(b) on numerous grounds. Among other things, they argue jurisdictional doctrines and sovereign immunity bar

---

[1]    Khurana also fails to state whether he asserts his claims against Defendants Rinard and Huang in their individual or official capacities. Regardless, Khurana only alleges facts about Rinard and Huang acting in their capacities as employees (Dkt. 1 at ¶¶ 2.0, 5.5, 7.3). Because Khurana does not allege any facts that Rinard or Huang acted in their personal capacities, the Court construes Khurana's claims as only asserted against Rinard and Huang in their official capacities.

MEMORANDUM DECISION AND ORDER - 3

Khurana's claims. In support, they submit Nolan Watson's declaration attesting he reviewed the Idaho Secretary of State's records and confirmed Khurana did not serve a notice of tort claim related to this action on the Secretary (Dkt. 11-2 at ¶¶ 5-6; Dkt. 11-3 at ¶ 3). Khurana opposes Defendants' Rule 12(b) motion (Dkt. 14-1).[2]

**LEGAL STANDARDS**

Rule 12(b)(1) provides a party can move to dismiss a complaint if subject matter jurisdiction does not exist. A Rule 12(b)(1) motion can present either a facial or factual attack on jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) *overruled in part on other grounds*, *Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024). In a facial attack, a defendant asserts the allegations contained in a complaint are insufficient on their face to invoke jurisdiction. *Id*. When deciding a facial attack, the court assumes the plaintiff's allegations are true. *Id*. Conversely, in a factual attack, a defendant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. Importantly, when deciding a factual attack, "[the court] need not presume the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Finally, regardless of whether a defendant facially or factually attacks a complaint under Rule 12(b)(1), the plaintiff asserting jurisdiction bears the burden of proof. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

---

[2]    In addition to filing a brief, Khurana also files a "Statement of Material Facts in Dispute," an "Affidavit of Non-Possession of Evidence," and a document entitled "Plaintiff's Evidence Supporting his Claims" (Dkts. 15, 16, 17). To the extent these additional filings are an effort to convert Defendants' Rule 12(b) motion into a Rule 56 summary judgment motion under Rule 12(d), the Court excludes the filings and declines to treat Defendants' motion as one for summary judgment.

Rule 12(b)(6) provides a party can move to dismiss a complaint for failure to state a claim upon which relief may be granted. It attacks the legal sufficiency of the complaint on the basis that, *i.e.*, even if the plaintiff's factual statements were true, the defendant is not liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addressing a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

## ANALYSIS

### A.    Rooker–Feldman Doctrine

Defendants argue the *Rooker-Feldman* doctrine bars Khurana's claims. A dismissal under Rule 12(b)(1) is appropriate where the Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. That doctrine precludes a federal district court from exercising jurisdiction over what is, in substance, an appeal from a state court judgment. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923). It applies both to claims that are directly styled as appeals of state court rulings and to claims that are "inextricably intertwined" with those rulings, where the federal court would necessarily be required to review and reject the state judgment to grant relief. *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005). The doctrine exists to "prevent litigants from having more than one bite at the apple when they are unhappy with the outcome of their claims" in state court where their correct recourse is an appeal in the state court system. *Van Hook v. Idaho*, No. 1:21-cv-00199-BLW, 2022 WL 349955, at *3 (D. Idaho Feb. 4, 2022).

Here, Khurana has already challenged the IDHW's enforcement of the child support judgment in state district court, and the court dismissed that challenge (Dkt. 1 at 14-31; Dkt. 11-1 at 2). Unhappy with that outcome, Khurana continues to challenge the IDHW's enforcement of

the judgment in this Court. Khurana's recourse, however, was to appeal the state district court's denial of his petition to the Idaho appellate courts, which he apparently did not do. To the extent Khurana is challenging the state district court decision's regarding the validity and enforceability of the child support judgment, the *Rooker-Feldman* doctrine precludes this Court's consideration of those issues.

**B.      Eleventh Amendment Immunity**

Defendants also argue that the Eleventh Amendment bars Khurana's claims. The doctrine of sovereign immunity under the Eleventh Amendment provides a private individual may not sue a state in federal court unless the state consents in unequivocal terms or Congress unequivocally expresses its intent to abrogate the immunity under a valid exercise of power. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. *Pennhurst v. Halderman,* 465 U.S. 89, 100 (1984). This jurisdictional bar extends to state instrumentalities and agencies. *See Papasan v. Allain,* 478 U.S. 265, 276 (1986). Further, Eleventh Amendment immunity also shields state officials from official capacity suits. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). Where Eleventh Amendment immunity applies and has not been waived, the court lacks jurisdiction "regardless of the nature of the relief sought." *Id.*

Khurana argues the Eleventh Amendment does not apply to state officials when their conduct is challenged as unconstitutional and because his interests override immunity interests (Dkt. 14-1 at 7). Khurana, however, does not cite any authority in support of the proposition that the Eleventh Amendment is inapplicable in this case. Rather, he cites a California state court case addressing whether a hospital district exercising a governmental function is immune from tort

liability under California case law. *See Muskopf v. Corning Hosp. Dist.*, 359 P.2d 457 (Cal. S.C. 1961), *superseded by statute as stated in Cnty. of Santa Clara v. Superior Court*, 14 Cal. 5th 1034 (Cal. S.C. 2023). That case has no application in this case.

Khurana has no private right of action under the United States Constitution to assert his constitutional claims. Rather, § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution." *Rehber v. Paulk*, 566 U.S. 356, 361 (2012). Congress, however, has not abrogated a state's immunity for purposes of a § 1983 claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Further, "the State of Idaho has not made a general waiver of its Eleventh Amendment sovereign immunity." *Citizens of Idaho v. Idaho*, No. 1:11-cv-620-ELJ-LMB, 2012 WL 3905235, at *2 (D. Idaho Aug. 15, 2012), and the IDHW is an arm of the state and entitled to invoke Eleventh Amendment immunity. *See, e.g.*, *Driggers v. Idaho Dep't of Health & Welfare*, No. CV08-116-N-BLW, 2008 WL 2095683, at *4 (D. Idaho May 16, 2008) (noting plaintiff cannot sue IDHW absent state's consent). Finally, the Eleventh Amendment does not allow for claims against state officials in their official capacities. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992). For these reasons, the Eleventh Amendment bars Khurana's claims.

## C.    State Law Claims under ITCA

Finally, Defendants also argue that the Idaho Tort Claims Act (ITCA), Idaho Code §§ 6-901 – 6-929, bars Khurana's state law claim for intentional infliction of emotional distress. The ITCA requires a plaintiff to file a notice of tort claim with the Idaho Secretary of State before suing the state of Idaho. Idaho Code § 6-905. The Watson Declaration establishes that Khurana never filed a notice under the ITCA of his intent to file this case (Dkt. 11-2 ¶¶ 5-8). Although Khurana references tort claim notices that he filed in 2014 and 2016 (Dkt. 17 at 9-12), those notices are

untimely because a plaintiff must file his lawsuit within two years of a proper tort claim notice. I.C. § 6-911; *see also* I.C. § 5-219. Moreover, Khurana's 2014 and 2016 notices do not relate to the claims he raises in his Petition in this case (Dkt. 17 at 9).

A plaintiff's compliance with ITCA's notice requirement is a mandatory jurisdictional prerequisite. *Cobbley v. City of Challis*, 59 P.3d 959, 962 (Idaho 2002). Because Khurana failed to file a notice of tort claim, the Court lacks jurisdiction to consider his intentional infliction of emotional distress claim.

**F.     Futility of Amendment**

Generally, there is a presumption in favor of dismissing a complaint without prejudice to allow a plaintiff the opportunity to cure the complaint's defects. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (ruling cases should be decided on merits not on technicalities). If the complaint cannot be cured, however, the court should dismiss the suit with prejudice. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Here, Khurana cannot allege any factual allegations to cure the jurisdictional and other defects with his claims. Accordingly, the Court dismisses this case with prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 11) is **GRANTED**.

2.  Khurana's Petition to Uphold Contitutional [sic] Rights of Petitioner Against Continued

Violations by Respondents (Dkt. 1) is **DISMISSED WITH PREJUDICE**, and a separate

judgment will be entered.

DATED: September 08, 2025

Amanda K. Brailsford
U.S. District Court Judge